B 210A (Form 210A) (12/09)

# United States Bankruptcy Court
## District of MASSACHUSETTS

In re: Thomas N. Fitzgerald Jr  
Joanne M. Fitzgerald

Chapter:  13  
Case No.:  09-22493-WCH  
Assigned to the Honorable: William C. Hillman

## NOTICE OF TRANSFER OF CLAIM FOR OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111 (a). Transferee hereby gives notice pursuant to Rule 3001 (e) (2), FRBP to the transfer, other than for security, of the claim referenced in this notice.

Capital One, N.A.  
Name of Transferee

HSBC Bank Nevada, N.A.  
Name of Transferor

Name and Address where notices to  
Transferee should be sent:

Court Claim # (if known):  22  
Amount of Claim:  1868.62  
Date Claim Filed:  04/23/2010

Capital One, N.A  
c/o Bass & Associates, P.C.  
3936 E. Ft. Lowell Rd., Suite 200  
Tucson, AZ 85712  
Telephone: (520) 577-1544 (Servicer)

Amended Court Claim #:  
Amended Date Claim Filed:

Name and Current Address of Transferor:

HSBC Bank Nevada, N.A.  
Bass & Associates, P.C.  
3936 E. Ft. Lowell Rd., Suite 200  
Tucson, AZ 85712  
Telephone: (520)577-1544

Last Four Digits of Account: # ************7033

Name and Address where transferee payments  
should be sent (if different from above):

Last Four Digits of Account #: ************7033

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/Patti H. Bass, Esq. (AZ 016849)  
Attorney for Transferee  
Bass & Associates, P.C.,  
3936 E Ft Lowell Rd, Suite 200  
Tucson, AZ 85712  
(520) 577-1544  
ecf@bass-associates.com

Date:  11/27/2012

Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U. S. C. §§ 152 & 3571.

BILL OF SALE

This BILL OF SALE (the "Bill of Sale") dated May 1, 2012, is by and among HSBC Finance Corporation, a Delaware corporation, HSBC Retail Services, Inc., a Delaware corporation, HSBC Bank Nevada, N.A., a national banking association, HSBC Card Services Inc., a Delaware corporation, HSBC Receivables Acquisition Company I, a Delaware corporation and HSBC Receivables Funding Inc. II, a Delaware corporation (each, a "Transferring Entity"), in favor of Capital One, National Association, a national banking association ("CONA"), and Capital One Bank (USA), National Association, a national banking association ("COBNA"). Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Agreement (as defined below).

WHEREAS, each of CONA and COBNA is a wholly owned Subsidiary of Capital One Financial Corporation ("Purchaser");

WHEREAS, Purchaser, HSBC Finance Corporation, HSBC USA Inc. and HSBC Technology & Services (USA) Inc. are parties to that certain Purchase and Assumption Agreement, dated as of August 10, 2011 (the "Agreement");

WHEREAS, pursuant to Section 2.1(a) of the Agreement, effective as of the Effective Time, each Seller, as applicable, is to sell, convey, transfer, assign and deliver, or cause one or more of its Subsidiaries to sell, convey, transfer, assign and deliver to Purchaser, and Purchaser is to purchase and accept from each Seller or its applicable Subsidiaries, all of each such Selling Entity's right, title and interest in, to and under the Acquired Assets that are tangible personal property (the "Applicable Acquired Assets");

WHEREAS, pursuant to Section 10.2 of the Agreement, Purchaser may assign its right under the Agreement to acquire any asset to any wholly owned Subsidiary without the prior written consent of any other party to the Agreement and has assigned its right to acquire the Applicable Acquired Assets to CONA or COBNA, as applicable; and

WHEREAS, pursuant to Sections 3.2(c) and 3.3(b) of the Agreement, the parties desire to execute and deliver at the Closing this Bill of Sale to evidence the sale, conveyance, transfer, assignment and delivery of the Applicable Acquired Assets owned by the Transferring Entities to Purchaser and/or its wholly owned Subsidiaries as of the Closing Date.

NOW, THEREFORE, in consideration of the payment by Purchaser and/or its wholly owned Subsidiaries of the Purchase Price and the assumption by Purchaser and/or its wholly owned Subsidiaries of the Assumed Liabilities for the sale, conveyance, transfer, assignment and delivery of the Acquired Assets owned by the Selling Entities, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Transferring Entity, intending to be legally bound, does hereby sell, convey, transfer, assign and deliver to CONA and COBNA, and their successors and assigns, in accordance with the allocations set forth on Annex A hereto, all of such Transferring Entity's right, title and interest in, to and under the Applicable Acquired Assets owned by it free and clear of all Liens (except for Permitted Liens); TO HAVE AND TO HOLD unto CONA and COBNA (in accordance with the allocations set forth on Annex A hereto), their successors and assigns, as applicable, to their own use and benefit forever, all of the Applicable Acquired Assets hereby sold, assigned, transferred, conveyed and delivered as of the Closing.

THE PARTIES FURTHER COVENANT AND AGREE AS FOLLOWS:

a. From time to time each Transferring Entity and its successors and assigns shall, and shall cause its Subsidiaries to, without further consideration, cooperate, execute and deliver all such further bills of sale, assignments or other instruments of conveyance and transfer, and take such actions, all as may be reasonably requested by CONA and COBNA, and their successors or assigns, in order to carry out the sale, assignment, conveyance, transfer and delivery of the Applicable Acquired Assets covered by this Bill of Sale as contemplated in this Bill of Sale and the Agreement.

b. This Bill of Sale shall become effective as of the Effective Time at the Closing pursuant to the terms of the Agreement. Nothing in this Bill of Sale shall be deemed to constitute an agreement to sell, convey, transfer, assign or deliver to Purchaser or its Subsidiaries any Applicable Acquired Asset (or portion thereof) prior to the Effective Time.

c. This Bill of Sale is given pursuant to the provisions of the Agreement and the sale, conveyance, transfer, assignment, and delivery of the Applicable Acquired Assets hereunder are made subject to the terms and conditions of the Agreement and shall be construed consistently therewith. Nothing in this Bill of Sale, express or implied, is intended to or shall be construed to supersede, modify, replace, amend, rescind, waive, expand or limit in any way the rights of the parties under, and the terms of, the Agreement. In the event that any provision of this Bill of Sale is construed to conflict with a provision in the Agreement, the parties agree that the provision in the Agreement shall be controlling.

d. The following Sections of the Agreement are incorporated into this Bill of Sale by reference, to be applied and construed consistently with the application of such Sections in the Agreement as if such Sections were set forth herein: Sections 10.1, 10.2, 10.3, 10.4, 10.5, 10.6, 10.7, 10.10 and 10.13.

[Signatures Appear on the Following Page]

IN WITNESS WHEREOF, the parties have executed this Bill of Sale as of the date first written above.

[signature pages have been distributed separately]

HSBC FINANCE CORPORATION

By: _____
Name: Gregory T. Zeeman
Title:   Executive Vice President and
         Chief Operating Officer, USA

*[Signature Page Bill of Sale]*

*[Signature Page to Bill of Sale]*

HSBC RETAIL SERVICES INC.

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

HSBC BANK NEVADA, N.A.

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

*[Signature Page to Bill of Sale]*

*[Signature Page to Bill of Sale]*

HSBC CARD SERVICES INC.

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

HSBC RECEIVABLES ACQUISITION COMPANY I

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

*[Signature Page to Bill of Sale]*

*[Signature Page to Bill of Sale]*

HSBC RECEIVABLES FUNDING INC. II

By: _____
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

CAPITAL ONE, NATIONAL ASSOCIATION

By: _____
Name: Murray P. Abrams
Title: Executive Vice President, Corporate Development

*[Signature Page to Bill of Sale]*

*[Signature Page to Bill of Sale]*

CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION

By: _____
Name: Murray P. Abrams
Title: Executive Vice President, Corporate Development

*[Signature Page to Bill of Sale]*

Annex A

Allocations

1. The following Applicable Acquired Assets are hereby assigned to COBNA but only to the extent such Applicable Acquired Assets relate to the products set forth on Schedule A hereto (provided that any such Applicable Acquired Asset that is not fully separable between COBNA and CONA based on the products set forth on Schedule A shall not be assigned to COBNA and is instead hereby assigned to CONA in accordance with paragraph (2) below):

*Acquired Assets*

i. All CRS Accounts and all Gross Receivables and Accrued Interest and Fees related to the CRS Accounts, and all Charged Off Accounts and the right to any recoveries or collections with respect thereto;
ii. All CRS Account Agreements, pending applications for CRS Accounts and outstanding solicitations for CRS Accounts;
iii. All loans associated with CRS Accounts (other than the Excluded Accounts);
iv. The right to receive Interchange Fees and annual or other fees from Borrowers under the CRS Accounts, including the *pro rata* portion of any annual or other fees from Borrowers under the CRS Accounts for any period after the Effective Time;
v. The *pro rata* portion of any fees paid in connection with the CRS Business for any period after the Effective Time;
vi. the Books and Records and Cardholder List;
vii. All BINs and ICAs used for the CRS Accounts;
viii. Any security deposits related to Acquired Assets (if any);
ix. Rights to provide the Enhancement Services and the right to provide enhancement services currently offered by the Sellers in connection with the CRS Business through third parties or Affiliates of Sellers that are not Selling Entities; and
x. The Other Specified Assets that are: (1) loans without recourse, (2) contra credit balances, (3) other miscellaneous receivables and (4) unbilled and accrued interest less the *pro rata* portion of annual or other fees.

2. All of the Applicable Acquired Assets other than (i) the Transferred Intellectual Property and (ii) the Applicable Acquired Assets that are transferred to COBNA pursuant to paragraph (1) above are hereby transferred to CONA.

Schedule A

**Products**

1. American DreamCard
2. Cash Rewards
3. Client 5221
4. DAMARK (containing the Damark Visa logo but not the Damark Internat'l – Inactive logo)
5. Direct Merchants Bank Discover Network Card
6. Direct Reward Platinum Discover Network Card (Organic & Secondary)
7. Direct Rewards Platinum MasterCard
8. DMB
9. Household Bank
10. Household Bank - unsecured
11. Household Bank MasterCard (containing the HSBC MasterCard logo but not the Household Bank MasterCard logo)
12. Household Bank Refund Rewards Buying Card
13. Household Bank Secured
14. Household Bank Visa
15. HSBC
16. HSBC American Express
17. HSBC Discover Network Card
18. HSBC Platinum MasterCard
19. HSBC Platinum Visa
20. Metris Co
21. Orchard Bank Standard Secured
22. Orchard Bank Unsecured
23. Platinum MasterCard - Unbranded
24. Platinum Visa - Unbranded
25. Premier World MasterCard
26. Red Hat Society